Vendaval Realty, LLC v Felder (2020 NY Slip Op 50786(U))

[*1]

Vendaval Realty, LLC v Felder

2020 NY Slip Op 50786(U) [67 Misc 3d 145(A)]

Decided on July 6, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 6, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Shulman, P.J., Cooper, Edmead, JJ.

570444/19

Vendaval Realty, LLC,
Petitioner-Landlord-Appellant, 
against
Shameika Felder,
Respondent-Tenant-Cross-Appellant.

Landlord, as limited by its briefs, appeals from (1) that portion of an order of the Civil Court
of the City of New York, New York County (Timmie Erin Elsner, J.), dated July 31, 2018, which
granted tenant's motion for summary judgment dismissing the petition in a nonpayment summary
proceeding, granted partial summary judgment on tenant's counterclaims on the issue of liability,
and denied landlord's cross motion for summary judgment on its petition, and (2) a final
judgment (same court and Judge), entered October 17, 2018, which awarded tenant a recovery in
the principal sum of $8,112, without prejudice to both parties' claims on appeal. Tenant, as
limited by her briefs, cross appeals from that portion of the July 31, 2018 order which calculated
the amount of the overcharge based on an unregistered legal regulated rent of $592.11 per
month.

Per Curiam.
Final judgment (Timmie Erin Elsner, J.), entered October 17, 2018, modified to vacate the
court's calculation of the amount of the overcharge, including treble damages, and to remand for
a recalculation of the overcharge and treble damages using the default formula; as modified, final
judgment affirmed, with $25 costs. Appeal and cross appeal from order (same court and Judge),
dated July 31, 2018, dismissed, without costs, as subsumed in the appeal from the final
judgment.
The provisions of the Housing Stability and Tenant Protection Act of 2019 (L 2019, ch 36)
(HSTPA), governing rent overcharges and the statute of limitations for bringing such claims,
cannot be applied retroactively to overcharges that occurred, as here, before the HSTPA's
enactment in June 2019 (see Matter of Regina Metro. Co., LLC v New York State Div. of
Hous. & Community Renewal, __ NY3d __, 2020 NY Slip Op 02127, *9 [2020]). 
Applying pre-HSTPA law to this case, we agree with the motion court that the summary
judgment record conclusively establishes that landlord engaged in a fraudulent scheme to remove
the subject apartment from rent stabilization. As detailed in the court below, neither tenant nor
her predecessor were informed that the apartment was rent stabilized nor offered a stabilized
lease, and landlord persisted in charging illegal rents. In addition, landlord failed to file timely
[*2]and proper annual registrations, and the documentary proof
otherwise reveals a pattern of unsubstantiated and unexplained increases in rent (see Matter of Grimm v State of NY Div. of
Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 366-367
[2010]; Butterworth v 281 St. Nicholas
Partners, LLC, 160 AD3d 434 [2018]; East 17th LLC v McCusker, 63 Misc 3d 134[A], 2019 NY Slip Op
50469[U] [App Term, 1st Dept 2019]).
However, the motion court erred in considering the rental history outside the four-year
lookback period for purposes of calculating the base date rent. The Court of Appeals has clarified
that:
"review of rental history outside the four-year lookback period was permitted only
in the limited category of cases where the tenant produced evidence of a fraudulent scheme to
deregulate and, even then, solely to ascertain whether fraud occurred — not to furnish
evidence for calculation of the base date rent or permit recovery for years of overcharges barred
by the statute of limitations. 
In fraud cases, this Court sanctioned use of the default formula to set the base date
rent"

(Matter of Regina Metro. Co., LLC, 2020 NY Slip Op 02127,*5
[internal citations omitted]; see Matter
of Grimm, 15 NY3d 358; Thornton v Baron, 5 NY3d 175 [2005]; 435 Cent. Park W. Tenant Assn. v Park
Front Apts., LLC, 183 AD3d 509 [2020]). Accordingly, the default formula must be
utilized to set the base date rent, and the overcharge and treble damages determined
accordingly.
The decision and order of this Court dated December 2, 2019 (66 Misc 3d 27 [App Term, 1st
Dept 2019]) is hereby recalled and vacated.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: July 6, 2020