Similis Mgt. LLC v Dzganiya (2021 NY Slip Op 50245(U))

[*1]

Similis Mgt. LLC v Dzganiya

2021 NY Slip Op 50245(U) [71 Misc 3d 129(A)]

Decided on March 19, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 19, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Higgitt, J.P., Brigantti, Hagler, JJ.

21-017

Similis Management LLC, 
 Petitioner-Landlord-Appellant,
against
Nino Dzganiya,
Respondent-Tenant-Respondent.

Landlord appeals from that portion of an order of the Civil Court of the City of New York,
New York County (Kimon C. Thermos, J.), dated April 14, 2020, which denied its cross motion
for summary judgment in a nonpayment summary proceeding.

Per Curiam.
Order (Kimon C. Thermos, J.), dated April 14, 2020, insofar as appealed from, affirmed,
with $10 costs.
Applying pre-HSTPA (L 2019, Ch 36) law to this action (see Matter of Regina Metro.
Co., LLC v New York State Div. of Hous. and Community Renewal, 35NY3d 332 [2020]),
the Rent Stabilization Law imposed a four-year statute of limitations and lookback period on
overcharge claims (see Rent Stabilization Law of 1969 [Administrative Code of City of
NY] § 26—516[a][2]; see also CPLR 213—a), unless tenants
produced evidence of fraud (see Matter
of Grimm v State of NY Div. of Hous. & Community Renewal Off. of Rent Admin., 15
NY3d 358 [2010]). Contrary to landlord's contention, this fraud exception to the four-year
look back period applies "both to a fraudulent scheme to deregulate and to a fraudulent
overcharge scheme" (Montera v KMR Amsterdam LLC, __ AD3d __, 2021 NY Slip Op
00805[1st Dept 2021], citing 435 Cent.
Park W. Tenant Assn. v Park Front Apts., LLC, 183 AD3d 509, 510-511 [2020]).
In this case, landlord's motion for summary judgment on the nonpayment petition was
properly denied because triable issues of fact are raised as to whether landlord engaged in a
fraudulent overcharge scheme. While neither an increase in rent, standing alone, nor tenant's
skepticism about apartment improvements suffice to establish indicia of fraud (see Butterworth v 281 St. Nicholas
Partners, LLC, 160 AD3d 434 [2018]), here, there is considerably more. In addition to
the large rent increases and the paucity of evidence substantiating the claimed apartment
improvements, the DHCR rent registrations filed by landlord raise triable issues of fact as to
whether landlord falsely registered the legal rent to make a single 73% increase in rent (in 2011)
appear to have occurred over a multi-year period (see Conason v Megan Holding, LLC, 25 NY3d 1 [2015]; Matter
of Grimm v State of NY Div. of Hous. & Community Renewal Off. of Rent Admin., 15
NY3d at 366; Altschuler v Jobman
478/480, LLC., 135 AD3d 439 [2016], lv [*2]dismissed 28 NY3d 945 [2016], lv denied 29 NY3d 903
[2017]; Vendaval Realty, LLC v
Felder, 67 Misc 3d 145[A], 2020 NY Slip Op 50786[U] [App Term, 1st Dept 2020]). In
addition, landlord failed to provide tenant and his predecessors with lease riders indicating how
the legal rent was computed, which, in view of the other indica of fraud, "may well be viewed as
an attempt to obfuscate the regulatory status of the apartment, despite that the rent had not
reached the $2,000 threshold" (Butterworth v 281 St. Nicholas Partners, LLC, 160 AD3d
at 434).
We have considered the remaining arguments and find them unavailing.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: March 19, 2021