EB Mgt. Props., LLC v Maruf (2021 NY Slip Op 50256(U))

[*1]

EB Mgt. Props., LLC v Maruf

2021 NY Slip Op 50256(U) [71 Misc 3d 129(A)]

Decided on March 26, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 26, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2018-2214 Q C

EB Management Properties, LLC,
Respondent, 
against
Sultan Al Maruf, Appellant. 

Sultan Al Maruf, appellant pro se.
Cooper, Paroff & Graham, P.C. (Ira G. Cooper of counsel), for respondent.

Appeal from a decision of the Civil Court of the City of New York, Queens County (Phillip
Hom, J.), dated May 2, 2018, deemed from a final judgment of that court entered May 9, 2018
(see CPLR 5512 [a]). The final judgment, upon the decision, after a nonjury trial, awarded
landlord possession and the sum of $9,906.64, and dismissed tenant's counterclaim, in a
nonpayment summary proceeding.

ORDERED that the final judgment is modified by reducing the amount of the monetary
award in favor of landlord to the sum of $8,905.44; as so modified, the final judgment is
affirmed, without costs.
In this nonpayment proceeding based upon rent arrears from September 2017 through April
2018, tenant asserted, as an affirmative defense and counterclaim, that landlord had breached the
warranty of habitability due to a bed bug infestation, a lack of heat, a broken window, and cracks
and holes in the walls of the premises, as well as a leak in the lobby of the building. After a
nonjury trial, the Civil Court awarded landlord possession and a monetary award of $9,906.64
purporting to represent the full amount of rent due, and dismissed tenant's counterclaim. On
appeal, tenant argues that he was entitled to an abatement and to recover on his counterclaim
because landlord breached the warranty of habitability. Tenant also argues that landlord received
a rent supplement check in the amount of $967.50, which the court failed to credit, and that the
monetary award should be reduced by that sum.
A landlord is required to maintain a residential property in a habitable condition and in
accord with the uses reasonably intended by the parties (see Real Property Law §
235-b; Park W. Mgt. Corp. v Mitchell, 47 NY2d 316 [1979]). To prevail on a defense or
counterclaim based on a breach of the warranty of habitability, a tenant must offer proof as to the
dates, severity and [*2]duration of the conditions complained of
(see Sinclair v Ramnarace, 36 Misc
3d 150[A], 2012 NY Slip Op 51671[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2012]; Anoula Realty Corp. v
Weiss, 16 Misc 3d 133[A], 2007 NY Slip Op 51496[U] [App Term, 2d Dept, 2d &
11th Jud Dists 2007]), and show that notice of the conditions was given to the landlord (see Anoula Realty Corp. v Weiss, 16
Misc 3d 133[A], 2007 NY Slip Op 51496[U]; New Franconia Assoc. v Popper, 2003
NY Slip Op 51116[U] [App Term, 1st Dept 2003]). Additionally, the tenant must show that the
landlord was provided with access and an opportunity to repair the conditions, yet failed to do so
(see 150-15 79th Ave. Owners Corp. v
James, 31 Misc 3d 132[A], 2011 NY Slip Op 50506[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2011]). Finally, in ascertaining the amount of an abatement or damages to
be awarded for a breach of the warranty of habitability, a determination of "the severity of the
violation and duration of the conditions giving rise to the breach as well as the effectiveness of
steps taken by the landlord to abate those conditions" is critical (Park W. Mgt. Corp., 47
NY2d at 329; see Matter of Nostrand Gardens Co-Op v Howard, 221 AD2d 637, 638
[1995]). Upon a review of the record, we find that, for each condition on which tenant's claim
was based, he either failed to meet his burden to prove a breach of the warranty of habitability or
failed to provide information sufficient to ascertain damages. 
Landlord demonstrated that the total rent for the period of September 2017 through April
2018 was $9,872.94.[FN1]
 However, since it is undisputed that landlord received a rent supplement check in the amount of
$967.50, tenant correctly argues that the sum awarded should be reduced by that amount to the
sum of $8,905.44.

Accordingly, the final judgment is modified by reducing the amount of the monetary award
in favor of landlord to the sum of $8,905.44. 

ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: March 26, 2021

Footnotes

Footnote 1:There is no basis in the record
for the award of $9,906.64.