People v Oxman (2022 NY Slip Op 50131(U))

[*1]

People v Oxman (Ellen)

2022 NY Slip Op 50131(U) [74 Misc 3d 130(A)]

Decided on February 28, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 28, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Silvera, JJ.

570161/20

The People of the State of New York,
Respondent,
against
Ellen Oxman, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Phyllis Chu, J.), rendered August 14, 2019, after a nonjury trial, convicting her of
two counts of stalking in the fourth degree, and 39 counts of attempted criminal contempt in the
second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Phyllis Chu, J.), rendered August 14, 2019, affirmed.
Defendant's contention that she was so hearing impaired as to require interpretive assistance
pursuant to Judiciary Law § 390, is unpreserved (see People v Robles, 86 NY2d
763, 765 [1995]), since defendant did not raise the issue at any point in the proceedings below.
Defendant cannot be permitted to sit by without raising the issue or asking her attorney to do so,
and then claim that her conviction should be vacated because of a matter which would have been
obvious to her and for which a remedy was readily available if requested (see United States v
Vargas, 871 F Supp 623, 625 [SDNY 1994]).
Nor was there any obvious impairment necessitating the provision of an interpreter by the
court, sua sponte (see People v Robles, 86 NY2d at 764-765; People v Ramos, 26
NY2d 272, 275 [1970]; People v Phillips, 265 AD2d 237 [1999], lv denied 94
NY2d 906 [2000]). Although defendant used a "personal amplifier" at trial, the record does not
indicate that she had any difficulty communicating with counsel or understanding the
proceedings, and, notably, defendant does not even make such a claim now. Thus, on this record,
there is nothing to indicate that the judge was or should have been aware that her hearing
problems left her unable to comprehend the proceedings.
In any event, even assuming, arguendo, that an accommodation was required, the remedy for
the court's failure to do so would be a new trial (see People v Nowakowski, 13 Misc 3d
127[A], 2006 NY Slip Op 51670[U][App Term 2d Dept, 9th & 10th Jud Dists 2006]).
However, the only relief defendant requests is vacatur of her conviction and dismissal of the
accusatory instrument. Since it cannot be said that no penological purpose would be served by
remanding the matter to Criminal Court on these serious charges, dismissal is not warranted and
we affirm [*2]on this basis as well (see People v Conceicao, 26 NY3d
375, 385 n [2015]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: February 28, 2022