Highline 22 LLC v Lawler (2022 NY Slip Op 50132(U))

[*1]

Highline 22 LLC v Lawler

2022 NY Slip Op 50132(U) [74 Misc 3d 130(A)]

Decided on February 28, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 28, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Silvera, JJ.

570228/21

Highline 22 LLC,
Petitioner-Landlord-Appellant,
against
Brent Lawler,
Respondent-Tenant-Respondent.

Landlord, as limited by its brief, appeals from those portions of an order of the Civil Court of
the City of New York, New York County (Evon M. Asforis, J.), dated June 22, 2020, which
granted, in part, tenant's motion for discovery and denied landlord's motion for partial summary
judgment and to dismiss tenant's first and second affirmative defenses and first and second
counterclaims in a nonpayment summary proceeding.

Per Curiam.
Order (Evon M. ASforis, J.), dated June 22, 2020, affirmed, without costs.
Although we affirm, we note that the court erred in concluding that the amendments to the
rent stabilization laws in the Housing Stability and Tenant Protection Act of 2019 (HSTPA [L
2019, ch 36]) apply to this 2018 proceeding (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous.
& Community Renewal, 35 NY3d 332 [2020]). The error does not affect the result,
however, because "under the law at the time the petition was filed, a tenant should be able to
challenge the deregulated status of an apartment at any time during the tenancy. Upon such a
challenge, consideration of events beyond the four-year period is permissible if done not for the
purpose of calculating an overcharge but rather to determine whether an apartment is regulated"
(Matter of 150 E. Third St LLC v Ryan, __ AD3d __, 2022 NY Slip Op 00497 [1st Dept
2022] [internal quotation marks and citations omitted]).
In this context, and in view of the sizeable rent increase in 1996 (more than four times the
prior rent), as well as the subsequent and admittedly incorrect registration listing the apartment as
exempt because "owner occupied/employee," we find that Civil Court providently exercised its
discretion in granting limited discovery relating to the events that were the basis for the purported
deregulation of the apartment (see
Mautner-Glick Corp. v Higgins, 64 Misc 3d 16 [App Term, 1st Dept 2019]; Aimco 322 E. 61st St., LLC v Brosius,
50 Misc 3d 10, 12 [App Term, 1st Dept 2015]).
Landlord's cross motion for partial summary judgment was properly denied, since it failed to
meet its burden of establishing the absence of triable issues of fact as to whether the apartment
[*2]was properly deregulated prior to tenant's occupancy (see Similis Mgt. LLC v Dzganiya, 71
Misc 3d 129[A], 2021 NY Slip Op 50245[U] [App Term, 1st Dept 2021]). Likewise,
tenant's coverage and overcharge defenses and counterclaims are not subject to summary
dismissal on this record (see Aimco 322
E. 61st St., LLC v Brosius, 50 Misc 3d 10).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: February 28, 2022