Matter of Haskin v New York State Div. of Hous. & Community Renewal (2022 NY Slip Op 02064)





Matter of Haskin v New York State Div. of Hous. & Community Renewal


2022 NY Slip Op 02064


Decided on March 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 24, 2022

Before: Kern, J.P., Moulton, Rodriguez, Pitt, Higgitt, JJ. 


Index No. 150661/20 Appeal No. 15594 Case No. 2021-01233 

[*1]In the Matter of Judith E. Haskin, Petitioner-Appellant,
v
The New York State Division of Housing and Community Renewal, Respondent-Respondent. Stahl Associates, LLC, Intervenor-Respondent.


Grimble & LoGuidice, LLP, New York (Robin LoGuidice of counsel), for appellant.
Mark F. Palomino, New York (Jeffrey G. Kelly of counsel), for The New York StateDivision of Housing and Community Renewal, respondent.
Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York (Michael D. Capozzi of counsel), for Stahl Associates, LLC, respondent.



Judgment (denominated an order), Supreme Court, New York County (Eileen A. Rakower, J.), entered November 2, 2020, denying the petition to annul the determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated November 19, 2019, which denied petitioner's rent overcharge claims and challenge to the rent regulatory status of the premises, and dismissing the proceeding brought under CPLR article 78, unanimously affirmed, without costs.
DHCR's finding that petitioner's apartment is not rent-stabilized was not arbitrary and capricious, as it was rationally supported by the record (CPLR 7803[3]; Matter of Pell v Board of Educ. 0f Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). According to the record, the landlord performed work on the apartment approximately eight years before petitioner filed her overcharge complaint, and the apartment then became deregulated through high-rent vacancy prior to the commencement of petitioner's tenancy (see Matter of Bazan v New York State Div. of Hous. & Community Renewal, 189 AD3d 495, 496 [1st Dept 2020], citing 9 NYCRR 2520.11[r][4]; see also 9 NYCRR 2522.4[a][1]).
Even though the law required the landlord to maintain records of individual apartment improvements (IAIs) for only four years, the landlord nonetheless submitted an affidavit from its managing agent, along with invoices, all of which demonstrated that work was done (see former CPLR 213-a; former Administrative Code of City of N.Y. § 26-516[a][2]; 9 NYCRR 2526.1[a][2][ii]; see also Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 355-356 [2020]). Given these submissions, and given petitioner's own statement in her complaint that renovations were done before a prior tenant moved in, it was not arbitrary and capricious for DHCR to draw upon its own expertise and resources in concluding that $28,126.80 was not an inordinate expenditure to renovate an apartment that had become vacant for the first time in at least 21 years (see Matter of Boyd v New York State Div. of Hous. & Community Renewal, 110 AD3d 594, 598 [2013] [Gische, J., dissenting], revd 23 NY3d 999 [2014]).
The purported insufficiency of the IAIs do not constitute indicia of fraud (see Matter of Boyd, 23 NY3d at 1000-1001). Nor does petitioner demonstrate a violation of lawful procedure or denial of due process due to the lack of inspections and evidentiary hearings, since she was provided with the landlord's submissions and given the opportunity to respond (9 NYCRR 2527.5[b]-[d], [h]; see Matter of Estate of Goldman v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 228 AD2d 192, 192 [1st Dept 1996], lv denied 89 NY2d 805 [1996]; Matter of Aguayo v New York State Div. of Hous. & Community Renewal, 150 AD2d 565, 566-567 [2d Dept 1989]). What is more, any decision to order a hearing or to conduct inspections is discretionary[*2](9 NYCRR 2527.5[b], [h]).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2022