OPINION OF THE COURT
Edward H. Lehner, J.
The basic issue presented in this holdover proceeding is whether a tenant whose lease specifies that it will occupy the premises solely for residential purposes, but which in fact uses the space solely as an office for its business, is entitled to be offered a renewal lease under the Rent Stabilization Law of 1969 (RSL; Administrative Code of City of New York, ch 51, tit YY).
The subject lease dated September 1, 1980 between respondent and petitioner’s predecessor in interest expired on August 31, 1983. In the lease application where the tenant was to specify the individuals to “reside” in the apartment, it listed the names of five persons designated as the “principal stockholders and officers” of the respondent corporation. On oral argument it was conceded that the premises, which are located in a hotel, have been used solely for business purposes, and no claim has been made in the papers that the unit has ever been occupied during the lease term for residential use.
On August 6, 1983, petitioner served a notice stating that it elected to terminate respondent’s occupancy at the expiration of its lease term on August 31, 1983 and that eviction proceedings would be commenced unless it vacated by September 30, 1983. Petitioner billed respondent *874 at the lease rental for September and although the check therefor was at first returned by petitioner, it apparently later accepted and cashed the check prior to the institution of this suit.
Respondent argues that there is no provision in the Code of the Metropolitan Hotel Industry Stabilization Association, Inc., adopted pursuant to the RSL, that permits an owner to decline a renewal lease because space is used for commercial purposes, and that in any event respondent was entitled to a period to cure after service of a notice asserting the unauthorized use.
The problem with respondent’s argument is that the only units subject to the RSL are those used for dwelling purposes. Here, although the lease indicates that the premises are to be so used, the hotel rooms have been used solely as an office. This is the opposite of the common loft situation where the lease calls for commercial use, but where the occupancy is residential. That the lease and the prospectus issued in connection with the proposed co-operative conversion of the building indicate a residential use of the subject premises does not alter the fact that the space has not been so occupied.
The misstatement of use in a loft lease has been held not to deprive a residential tenant of rent protection (e.g., Mandel v Pitkowsky, 102 Misc 2d 478, affd 76 AD2d 807). Here the misstatement of residential use (although on a form prepared by the landlord) does not make this corporate commercial tenant an occupant of dwelling space.
Since use of the premises was not residential, there is no need to discuss the issue of primary residence (see Matter of Cale Dev. Co. v Conciliation & Appeals Bd., 94 AD2d 229; Kastner, Tenant in Occupancy — The Corporate Dilemma, NYLJ, Nov. 9,1983, p 1, col 3), as no person is claiming the premises as his or her residence.
Because of its use of the premises, this commercial tenant never acquired rights under the RSL and is not protected by it. Hence, no right to renew existed upon expiration of its lease and no notice to it to that effect was required.
With respect to the August notice and the acceptance of the September rent, the court concludes that: (i) the notice *875 which stated that petitioner would not renew the lease but that respondent could remain in possession until September 30, combined with the acceptance of rent for September, created a monthly tenancy for that month; (ii) in order to remove the tenant after the end of that month, service of a 30-day notice under section 232-a of the Real Property Law was required; and (iii) the notice sent on August 6 was sufficient under that section to terminate the tenancy at the end of September.
As a consequence of the foregoing, there does not appear any issue left to be tried. Although respondent’s notice of motion denotes the motion as one to dismiss under CPLR 3211 (subd [a], pars 1, 7), in its postoral argument brief respondent concludes by requesting summary judgment dismissing the petition. Treating the motion as such, respondent’s motion is denied, and pursuant to CPLR 3212 (subd [b]), the court grants summary judgment to petitioner awarding it possession of the premises. Twenty-day stay of the issuance of the warrant.