■ MARTIN GALLIN et al., Respondents, v JACK MENDELSON et al., Appellants.—Order of the Supreme Court, Bronx County (Harold Tompkins, *J.*), entered on July 8, 1988, which, *inter alia,* denied defendants-appellants' motion for summary judgment, unanimously modified, on the law, defendants' motion granted, and it is hereby declared that plaintiffs are not entitled to the protection of the rent stabilization laws, and otherwise affirmed, without costs.

Defendants-appellants are the owners of an apartment building located at 860 Grand Concourse in The Bronx, and the landlord of 10 apartments occupied by the plaintiffs-respondents. Each of the plaintiffs is a professional, either doctor, lawyer or dentist, and utilizes his respective apartment for the practice of his or her profession. After the landlord served a termination notice on two of the plaintiffs herein stating that their respective leases would be terminated on the expiration date, despite renewal options in the leases, this action for declaratory judgment was commenced.

Plaintiffs-respondents tenants seek a judgment declaring that they are entitled to the protection of the rent stabilization laws and are thus entitled to renewal leases. Many of the leases provide for rent increases in accordance with rent stabilization guidelines. Some of the leases provide for professional use; others state they are for residential purposes only.

The motion court denied the landlord's motion for summary judgment, stating that there were issues of fact. We disagree. On the record before us, it appears that not one of the apartments in issue contains a full kitchen. All of the tenants maintain telephone directory listings for their professional addresses at the subject premises, and some list their residential addresses elsewhere. The record also establishes that certain of the tenants display professional signs listing their names and practices at the premises. Also, the building superintendent submitted an affidavit stating that to his knowledge none of the plaintiffs ever stayed overnight. Premises demonstrated to be used primarily for professional purposes are not entitled to the protection of the rent stabilization laws. *(Coronet Props. Co. v Jennie & Co. Film Prods.,* 121 Misc 2d 873 [Civ Ct, NY County 1983].)

Under the circumstances, there is no genuine issue of material fact. *(Shaw v Time-Life Records,* 38 NY2d 201.) Concur—Murphy, P. J., Carro, Milonas and Ellerin, JJ.