OPINION OF THE COURT
Per Curiam.
Final judgment entered January 15, 1998 and order dated June 16, 1998 affirmed, with $25 costs.
Tenant, a self-employed musician, is the rent-stabilized occupant of a six-room apartment in the Ansonia building situated at 2109 Broadway, Manhattan. At issue in this holdover proceeding is tenant’s alleged breach of a rider to the governing lease which provides: “The Tenant shall have the privilege of using the apartment as a music studio between the hours of 9 AM and 9 PM”. The record shows that tenant, through his .corporation, regularly let out four of the six rooms (each equipped with a grand piano) to teachers for lessons or to individuals for practice time at the rate of $9 per hour, six days a week. Tenant himself also gave music instruction in the premises. As found below, approximately 10 to 20 persons a day visited the studios.
We agree with Civil Court that the scope of tenant’s extensive professional use of the apartment constitutes a significant violation of the tenancy (Matter of Park W. Vil. v Lewis, 62 NY2d 431). The use covenant of the lease, reasonably construed in the context of a regulated tenancy in a multiple dwelling, would permit tenant to personally engage in music instruction or rehearsal during the hours allowed. However, the “privilege” afforded to tenant should not be read as authorizing the creation of commercial studios for hire by licensing individual rooms to third parties for a fee. The rent stabilization laws protect premises which are utilized primarily for residential purposes, not professional enterprises (Gallin *704 v Mendelson, 151 AD2d 228). It is clear that the nature and extent of tenant’s use does not qualify as an accessory “Home occupation” under New York City Zoning Resolution § 12-10.
On landlord’s cross appeal, we also affirm the trial court’s stay of the warrant provided tenant cures the conduct complained of. RPAPL 753 (4) requires a cure period in breach of lease proceedings. In Post v 120 E. End Ave. Corp. (62 NY2d 19), a case where a psychiatrist improperly used his cooperative apartment for professional purposes, the Court of Appeals remitted the proceeding for application of the statute and noted that it should be “liberally construed” (supra, at 24).
Parness, P. J., McCooe and Davis, JJ., concur.