*846 OPINION OF THE COURT
Per Curiam.
Judgment dated January 27, 1999 modified by reducing the award to landlord for use and occupancy to the rent reserved in tenant’s stabilized lease beginning May 1, 1994, plus applicable rent guidelines increases through January 31, 1998, less a setoff for any use and occupancy payments previously made for the 45-month period May 1994 through January 1998; as modified, judgment affirmed, without costs.
In this holdover proceeding, use and occupancy should have been limited to the amount of rent reserved in tenant’s stabilized lease, plus applicable rent guidelines increases, rather than fair market unregulated rent fixed by the trial court. On a prior appeal this court affirmed an award of possession to landlord based upon tenant’s violation of a lease rider permitting use of the apartment premises as a “music studio” (Ansonia Assocs. v Bozza, 180 Misc 2d 702). Concededly, the conduct complained of has been cured. There has been no vacancy and the rent-stabilized tenancy continues with the same tenant in occupancy. This is not a case where the premises became deregulated upon expiration of a lease, which could justify an award in excess of the legal regulated rent (cf., Rose Assocs. v Johnson, 247 AD2d 222). There has been no order of deregulation (Rent Stabilization Code [9 NYCRR] § 2520.11 [n]). The history of the tenancy dating back to 1960 suggests that a certain professional use and resulting business income was always intended and, indeed, professional use remains permissible within the reasonable contemplation of the lease rider. While we have found that the scope of tenant’s professional use — subsequently cured — constituted a significant violation of the tenancy, there is no question that tenant resided as well as worked in the premises, and the breach of lease did not remove the unit from the rent regulatory scheme. Accordingly, use and occupancy should, not be set at fair market values ranging from $5,100 to $5,865 per month where the last lease rent was $711, and is more appropriately limited to the regulated rent plus any applicable rent guidelines increases (see, 6 Greene St. Assocs. v Robbins, 256 AD2d 169).
Parness, P. J., Davis and Gangel-Jacob, JJ., concur.