OPINION OF THE COURT
Per Curiam.
Appeal from order, dated May 22, 2009, deemed an appeal from the ensuing final judgment (same court), entered on or about May 22, 2009, and so considered, final judgment affirmed, without costs. Order (same court), dated August 18, 2009, modified to vacate the award of use and occupancy, award use and occupancy to landlord in the amount of the rent reserved in tenant’s most recent lease, plus any applicable rent guidelines increases through June 30, 2009, and remand the matter for calculation of the use and occupancy award and entry of an amended judgment, and, as modified, order affirmed, without costs. Appeal from order (same court), dated October 29, 2009, dismissed, without costs, as academic with respect to renewal and as taken from a nonappealable order with respect to reargument.
We sustain the conditional judgment of possession awarded in favor of landlord on the holdover petition. A fair interpretation of the evidence, including the parties’ correspondence and the credited testimony of landlord’s witnesses, supports the trial court’s finding that tenant violated paragraph 17 of her lease by obstructing the landlord’s repair efforts in unreasonably denying access to the stabilized apartment premises. Tenant’s jurisdictional points, as well as her claims of error relating to the conduct of the trial and the dismissal of her counterclaims, are lacking in merit.
Tenant correctly argues, however, that landlord was not entitled to a recovery of fair market use and occupancy, since the lease violation established at trial, subject to tenant’s right to cure pursuant to RPAPL 753 (4), did not remove the unit from the ambit of rent stabilization (see 6 Greene St. Assoc. v Robbins, 256 AD2d 169 [1998]; Ansonia Assoc. v Bozza, 186 Misc 2d 845 [2000]). That tenant ultimately eschewed the opportunity to cure, and instead chose to vacate the apartment— *12 “voluntarily,” as landlord acknowledges — did not serve to alter her status as “a lawful tenant of a rent-stabilized apartment” during the holdover period (see and compare Weiden v 926 Park Ave. Corp., 154 AD2d 308, 308 [1989]). In this posture, the award of use and occupancy is more properly limited to the regulated rent plus any applicable guidelines increases.
Shulman, J.E, and Hunter, Jr., J., concur.