■ 644 BRDY Realty Inc., Appellant, v Bleecker Tower Tenants Corp., Respondent. [53 NYS3d 31]—

Order and judgment (one paper), Supreme Court, New York County (Debra A. James, J.), entered October 2, 2015, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the first cause of action, and granted defendant's cross motion for summary judgment dismissing the fourth cause of action for breach of contract and the fifth cause of action for declaratory relief, unanimously modified, on the law, to the extent of declaring that plaintiff's obligation to pay rent is not suspended on the ground that defendant failed to perform its obligations under the lease including the making of structural repairs, and as so modified, affirmed, without costs.

The lease says, " 'Aggregate Maintenance' shall mean the sum obtained by adding the maintenance (rent) paid by all the 'tenant-stockholders' . . . in the cooperative housing corporation which owns the Property, pursuant to the regular assessment, . . . but excluding any special, one-time or non-recurring assessments not related to the normal and recurring maintenance of the Building." It does not say, "excluding capital expenditures." Thus, the court properly rejected plaintiff's interpretation of Aggregate Maintenance (*see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]).

Under the circumstances of this case, where one person (the then-principal of both plaintiff-tenant and the original landlord) drafted the lease and executed it on behalf of both plaintiff and the original landlord, we are not persuaded by plaintiff's arguments that a literal interpretation of Aggregate Maintenance conflicts with paragraph 6.2.2 of the lease, places plaintiff at defendant's mercy, and violates the implied covenant of good faith and fair dealing.

Plaintiff failed to satisfy the requirements of equitable estoppel (*see BWA Corp. v Alltrans Express U.S.A.*, 112 AD2d 850, 853 [1st Dept 1985]). Moreover, "[t]he circumstances set forth by plaintiff simply do not rise to a level of unconscionability warranting application of equitable estoppel" (*American Bartenders School v 105 Madison Co.*, 59 NY2d 716, 718 [1983]).

Plaintiff failed to raise the statute of limitations below; hence, we decline to consider it on appeal (*see Matter of Rella*, 67 AD3d 493 [1st Dept 2009]).

We modify to the extent indicated because it was error to dismiss plaintiff's fifth cause of action seeking declaratory relief on the basis that plaintiff is not entitled to the declaration sought. The proper course is to issue a declaration (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *cert denied* 371 US 901 [1962]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Richter, Andrias, Webber and Gesmer, JJ.