Matter of Kreloff v New York State Div. of Homes & Community Renewal (2021 NY Slip Op 00999)





Matter of Kreloff v New York State Div. of Homes & Community Renewal


2021 NY Slip Op 00999


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Manzanet-Daniels, J.P., Webber, Oing, Kennedy, JJ. 


Index No. 160327/17 Appeal No. 13151 Case No. 2019-4746 

[*1]In the Matter of Wendy Kreloff, Petitioner-Appellant,
v
New York State Division of Homes and Community Renewal, et al., Respondents-Respondents.


Bierman & Associates, New York (Mark H. Bierman of counsel), for appellant.
Mark F. Palomino, New York State Division of Housing and Community Renewal, New York (Martin B. Schneider of counsel), for New York State Division of Housing and Community Renewal, respondent.
Lazarus Karp LLP, New York (Charles J. Seigel of counsel), for Park Avenue South LLC, respondent.



Order and judgment (one paper), Supreme Court, New York County (Paul A. Goetz, J.), entered October 17, 2018, which denied the petition seeking to annul the determination of respondent New York State Division of Homes and Community Renewal (DHCR), dated September 21, 2017, finding no fraudulent scheme to deregulate petitioner's rent-stabilized apartment, and granted DHCR's motion to remand for recalculation of rent overcharges, unanimously affirmed, without costs.
DHCR's determination was not arbitrary and capricious (see generally CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222 [1974]). Though Supreme Court, in a previous CPLR article 78 proceeding, found sufficient indicia of a fraudulent scheme to require DHCR to consider the rental history beyond the applicable four-year lo0kback period, it did not require DHCR to find, upon such consideration, that "a fraudulent scheme to destabilize the apartment tainted the reliability of the rent on the base date" (Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 367 [2010]). It was not irrational for DHCR to distinguish the facts of this case from those in other cases finding such a scheme (see id. at 362-363; Thornton v Baron, 5 NY3d 175, 178-179 [2005]; see also Conason v Megan Holding, LLC, 25 NY3d 1, 9, 16-17 [2015]), as petitioner's apartment would have been deregulated by operation of law, but for her previous landlord's failure to provide notice in all renewal leases that its J-51 benefits were set to expire (Administrative Code of City of NY § 26-504[c]).
Supreme Court properly remanded for a recalculation of rent. The reconstruction method that DHCR used "violated the pre-HSTPA law by requiring review of rent history outside the four-year limitations and lookback period in the absence of fraud" (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 358 [2020]). Instead, absent a fraudulent scheme to deregulate, "for overcharge calculation purposes, the base date rent [is] the rent actually charged on the base date (four years prior to initiation of the claim) and overcharges [are] to be calculated by adding the rent increases legally available to the owner under the RSL during the four-year recovery period" (id. at 355-356).
We note that petitioner properly appealed Supreme Court's judgment as of right, since the remand only involves the ministerial duty of rent and overcharge calculation (CPLR 5701[a][1]; compare Matter of Clermont Tenants Assn. v New York State Div. of Hous. & Community Renewal, 73 AD3d 658, 658 [1st Dept 2010]).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021