Matter of 150 E. Third St LLC v Ryan (2022 NY Slip Op 00497)





Matter of 150 E. Third St LLC v Ryan


2022 NY Slip Op 00497


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Acosta, P.J., Renwick, Moulton, Scarpulla, JJ. 


Index No. 570251/20 Appeal No. 15152 Case No. 2021-01773 

[*1]In the Matter of 150 E. Third St LLC, Petitioner-Appellant,
v
Taylor Ryan et al., Respondents-Respondents.


SDK Heiberger LLP, New York (Steven B. Sperber of counsel), for appellant.
The Price Law Firm LLC, New York (Joshua C. Price of counsel), for respondent.



Order, Appellate Term, First Department (Edmead, P.J., Higgitt, and Brigantti, JJ.), entered February 26, 2021, which affirmed the parts of an order of the Civil Court, New York County (Timmie E. Elsner, J.), entered on or about August 17, 2020, finding that the subject apartment was improperly deregulated and granting respondents-tenants' counterclaims for rent overcharges and treble damages, unanimously affirmed, without costs.
The Appellate Term properly affirmed that portion of the Civil Court's order which determined that the apartment was improperly deregulated (71 Misc 3d 1 [App Term, 1st Dept 2021]) as the findings were supported by a fair interpretation of the evidence (Bradbury v 342 W. 30th St. Corp., 84 AD3d 681, 683 [1st Dept 2011]). As the Appellate Term found, the law in effect before the amendments to the rent stabilization laws in the Housing Stability and Tenant Protection Act of 2019 (HSTPA [L 2019, ch 36]) were enacted apply to this proceeding. It is well settled that, under the law at the time the petition was filed, "a tenant should be able to challenge the deregulated status of an apartment at any time during the tenancy" (Gersten v 56 7th Ave. LLC, 88 AD3d 189, 199 [1st Dept 2011], appeal withdrawn 18 NY3d 954 [2012]). Upon such a challenge, "consideration of events beyond the four-year period is permissible if done not for the purpose of calculating an overcharge but rather to determine whether an apartment is regulated" (East W. Renovating Co. v New York State Div. of Hous. & Community Renewal, 16 AD3d 166, 167 [1st Dept 2005]). Based on the Civil Court's determination that petitioner's claimed individual apartment improvements (IAIs) did not support a rent increase that would have resulted in deregulation of the apartment under the now-repealed high rent deregulation provisions of Rent Stabilization Law (RSL [Administrative Code of City of NY]) § 26-504.2, the Appellate Term properly affirmed the order and remanded for a calculation of overcharges from the base date within the four-year lookback period. Although the parties submitted the case to Civil Court based on a stipulated set of facts, respondents-tenants did not agree that the costs that petitioner claimed to have spent in renovating the apartment were properly claimed as IAIs.
The Appellate Term also properly affirmed that portion of the Civil Court's order awarding treble damages to respondents, as the record supports the finding that petitioner failed to rebut the presumption of willfulness (Matter of Tockwotten Assoc. v New York State Div. of Hous. & Community Renewal, 7 AD3d 453, 455 [1st Dept 2004]
["the burden is on the landlord to establish the lack of both willfulness and negligence"]).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022