Radparvar v Estate of Jerry Vitucci (2022 NY Slip Op 02240)

Radparvar v Estate of Jerry Vitucci

2022 NY Slip Op 02240

Decided on April 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 05, 2022

Before: Webber, J.P., Singh, González, Kennedy, Higgitt, JJ. 

Index No. 21641/15E Appeal No. 15664 Case No. 2021-02911 

[*1]Hooshmand Radparvar Also Known as Hoshi Rad, Plaintiff-Respondent,
v
The Estate of Jerry Vitucci Also Known as Gerolomo Vitucci etc., et al., Defendants, Homebridge Financial Services, Inc., Defendant-Appellant.

DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains (Eric J. Mandell of counsel), for appellant.

Order, Supreme Court, Bronx County (Kim Adair Wilson, J.), entered July 15, 2021, which, to the extent appealed from as limited by the briefs, denied the motion of Homebridge Financial Services, Inc. (Homebridge) for summary judgment dismissing plaintiff's seventh cause of action in the amended complaint for a declaration that plaintiff's interest has priority over Homebridge's mortgage, and denied the alternative relief seeking summary judgment on its first and second combined counter- and cross claims, unanimously reversed, on the law, with costs, the motion granted and it is declared that Homebridge has a valid first mortgage recorded against block 4416, lot 38, and plaintiff has no right, title, or interest in block 4416, lot 38.
The motion court should have granted Homebridge summary judgment as to plaintiff's seventh cause of action seeking a declaration that defendant Homebridge's mortgage be placed in second position after plaintiff's interest. As the court determined in its earlier order dated March 4, 2019 (Doris M. Gonzalez, J.), plaintiff's right to a lien on the adjacent lot (lot 38) under a stipulation of settlement resolving an earlier case with now-deceased Jerry Vitucci (Vitucci) arose only if the sale of the lot jointly owned by plaintiff and Vitucci (lot 39) did not satisfy plaintiff's share of the proceeds under the stipulation. Although the original 2015 complaint asserted that a sale of lot 39 for profit was impossible because it was in foreclosure, the foreclosure case was resolved in relevant part by order dated October 10, 2019, in which the foreclosure court (Ben R. Barbato, J.) determined that title to lot 39 was quieted in plaintiff's favor as against Vitucci, his estate, and "any other interest stemming from the interest of Defendant Vitucci and his interests in the property in question." The October 10, 2019 order was recorded against lot 39 in the New York City Office of the City Register on November 15, 2019, and plaintiff then owned lot 39 free and clear of any encumbrances. By deed dated January 1, 2020, plaintiff transferred lot 39 to his wholly owned entity, nonparty Mehrak, LLC. The record reflects no attempts to sell lot 39 to a bona fide purchaser at any point.
Because the underlying basis for plaintiff's right to a lien against the adjacent lot 38 was premised upon a deficiency in his profits from the sale of lot 39 to be satisfied by Vitucci, plaintiff's seventh cause of action fails as against Homebridge, as there is no question that plaintiff elected to transfer lot 39 to Mehrak, Mehrak in turn has not sold the property, and plaintiff's opposition to Homebridge's motion reflects no basis upon which he would be entitled to a lien against lot 38 under these circumstances. We therefore grant Homebridge summary judgment as to the seventh cause of action and declare that Homebridge has a valid first mortgage recorded against block 4416, lot 38, and plaintiff has no right, title, or interest in block 4416, [*2]lot 38 (Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954 [1989]; 644 BRDY Realty Inc. v Bleecker Tower Tenants Corp., 149 AD3d 538, 539 [1st Dept 2017]). In so declaring, we make no finding as to whether plaintiff is entitled to money damages arising from the other causes of action in the amended complaint, as those are not before us, nor do we resolve any other potential challenges to the mortgage made by a proper party (see e.g. Matter of Violet Realty, Inc. v County of Erie, 158 AD3d 1316, 1318 [4th Dept 2018]). In light of the foregoing, we need not address Homebridge's appeal from the denial of summary judgment on its first and second combined counterclaims and cross claims for a declaration of superiority based on subrogation by assignment in the event plaintiff is granted a superior lien and a judgment of foreclosure and sale, as such relief was sought in the alternative (Dietz v S.K.V., Inc., 73 AD3d 632 [1st Dept 2010]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 5, 2022