Gourin v 72A Realty Assoc., L.P. (2024 NY Slip Op 01985)

Gourin v 72A Realty Assoc., L.P.

2024 NY Slip Op 01985

Decided on April 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2024

Before: Oing, J.P., Friedman, Kapnick, Scarpulla, Pitt-Burke, JJ. 

Index No. 152698/22 Appeal No. 2023 Case No. 2023-04012 

[*1]Tessa Gourin, Plaintiff-Appellant,
v
72A Realty Associates, L.P., Defendant-Respondent.

SDK Heiberger LLP, New York (Steven B. Sperber of counsel), for appellant.
Joel M Zinberg, New York, for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered July 27, 2023, which granted defendant landlord's motion to dismiss the complaint seeking a declaration that plaintiff's apartment is rent stabilized, treble damages for rent overcharges, and attorneys' fees, unanimously modified, on the law, to the extent of declaring that plaintiff's apartment is not rent stabilized, and otherwise affirmed, without costs.
Supreme Court correctly held that the apartment at issue is not rent stabilized based on documentary evidence, submitted with defendant's motion to dismiss, establishing a defense to the claim for declaratory relief as a matter of law. The documents show that individual apartment improvements (IAIs) were performed in the apartment after a prior tenant moved out in the year 2000 (CPLR 3211[a][1]; see Leon v Martinez, 84 NY2d 83, 88 [1994]; Dixon v 105 W. 75th St. LLC, 148 AD3d 623, 626-628 [1st Dept 2017]). Here, "defendant 'sufficiently documented the apartment improvements' by proffering . . . invoices [and] checks showing payment of all the sums charged" that were contemporaneous with the work (Sandlow v 305 Riverside Corp., 201 AD3d 418, 420 [1st Dept 2022], quoting Matter of Park v New York State Div. of Hous. & Community Renewal, 150 AD3d 105, 115 [1st Dept 2017]). Contrary to plaintiff's contention, the documents describe in substantial detail the work performed, including, among other things, a complete kitchen renovation, replacement of woodwork such as windowsills, baseboard, and crown molding, and the addition of a new closet (compare Nolte v Bridgestone Assoc. LLC, 167 AD3d 498, 499 [1st Dept 2018]; Matter of Pechock v New York State Div. of Hous. & Community Renewal, 253 AD2d 655, 655 [1st Dept 1998]). The resulting allowable rent increases applicable to the tenant who moved into the unit in December 2000 raised the rent t0 above $2,000 per month (see former 9 NYCRR 2520.11[r][4], [r][10][i]; former 9 NYCRR 2522.8).
Plaintiff correctly notes that the unit remained rent stabilized in 2000 because defendant's building was receiving J-51 tax benefits (see Roberts v Tishman Speyer Props., L.P., 13 NY3d 270, 281-287 [2009]; see also Gersten v 56 7th Ave. LLC, 88 AD3d 189, 198 [1st Dept 2011], appeal withdrawn 18 NY3d 954 [2012]). However, once the J-51 benefits expired in 2003 and a new tenancy commenced in April 2004, "all the circumstances permitting luxury decontrol were present and satisfied" (Matter of Park, 150 AD3d at 108, 112-113), and the apartment was "deregulated by operation of law" (Matter of Kreloff v New York State Div. of Hous. & Community Renewal, 191 AD3d 531, 532 [1st Dept 2021], lv denied 37 NY3d 915 [2021]).
Plaintiff contends that the apartment nonetheless remained rent stabilized because defendant was required to correct its unit registrations after it erroneously registered the unit as exempt in 2001. However, it was not until "March 2012" — almost nine years after the J-51 benefits expired — [*2]that "controlling authority ... required that owners who had previously luxury decontrolled apartments while still receiving J-51 tax benefits must register those apartments and retroactively restore them to rent stabilization" (Matter of Park, 150 AD3d at 110). To the extent that defendant should have filed retroactive registration statements after 2012, there was no requirement to do so for more than the then-applicable "four-year statutory lookback period" (Sandlow, 201 AD3d at 419, citing former CPLR 213-a and former Administrative Code of City of NY § 26-516[a][2]). Further, contrary to plaintiff's contention, "rent freezing is inapplicable in Roberts cases where the failure to timely register resulted directly from DHCR's endorsement of a misunderstanding of the law," which is the case here (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 358 n 9 [2020]; see Administrative Code of City of NY § 26-517[e]).
Supreme Court properly dismissed plaintiff's claims for rent overcharges and attorneys' fees as the apartment is not rent stabilized; plaintiff is thus not a prevailing party (CPLR 3211[a][1],[7]; see Administrative Code of City of NY § 26-516[a]; Real Property Law § 234[1]).
We modify to the extent indicated "because it was error to dismiss plaintiff's [first] cause of action seeking declaratory relief on the basis that plaintiff is not entitled to the declaration sought. The proper course is to issue a declaration" (644 BRDY Realty Inc. v Bleecker Tower Tenants Corp., 149 AD3d 538, 539 [1st Dept 2017], citing Lanza v Wagner, 11 NY2d 317, 334 [1962], cert denied 371 US 901 [1962]; accord Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954 [1989]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2024