| Zhang v LLS Realty Assoc., LLC |
| :---: |
| 2024 NY Slip Op 31551(U) |
| May 1, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153095/2019 |
| Judge: Shlomo S. Hagler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | **HON. SHLOMO S. HAGLER** | PART 17 |
| | *Justice* | |

-------------------------------------------------------------------X

JEROME ZHANG, ALVIN MARTY

|  |  |
|---|---|
| **INDEX NO.** | 153095/2019 |
| **MOTION DATE** | 09/14/2020 |
| **MOTION SEQ. NO.** | 002 |

Plaintiff,

- v -

LLS REALTY ASSOCIATES, LLC,

**DECISION + ORDER ON
MOTION**

Defendant.

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 61, 62

were read on this motion to/for _____ JUDGMENT - SUMMARY _____ .

Plaintiffs Jerome Zhang and Alvin Marty (tenants) are tenants of apartment number 6

(the Apartment) in a building located at 203 Grand Street in Manhattan (the Premises). Plaintiffs

commenced this action against defendant, LLS Realty Associates, LLC (landlord), the owner of

the Premises, seeking a judgment declaring that they are entitled to a rent-stabilized lease,

damages for willful rent overcharge, and attorneys' fees.

In motion sequence 002, tenants move pursuant to CPLR 3212 for summary judgment in

their favor. Landlord opposes the motion and cross-moves to dismiss the complaint pursuant to

CPLR 3211 (a) (1) and (7) and CPLR 3212, and to compel tenants to pay ongoing rent and/or

use and occupancy pendente lite at a rate of $4,000 per month.

For the following reasons, the motion is denied, and the cross-motion is granted only to

the extent that landlord's request for use and occupancy pendente lite is referred to a Special

Referee to hear and report.

**153095/2019  ZHANG, JEROME vs. LLS REALTY ASSOCIATES, LLC**
**Motion No. 002**

Page 1 of 12

## BACKGROUND

Tenants took occupancy of the Apartment on October 28, 2017 pursuant to a non-regulated lease at a monthly rent of $4,000. When the lease expired on October 31, 2018, tenants did not enter into a renewal lease, but remained in the Apartment on a month-to-month basis, continuing to pay $4,000 a month through October 2020, at which point tenants stopped paying rent. One or both tenants still reside in the Apartment, and it is undisputed that they have not paid rent since that time.

Tenants initiated this action on March 25, 2019, alleging that the landlord illegally deregulated the Apartment in 2012 and overcharged their rent. Landlord submitted an answer, setting forth general denials and affirmative defenses, including that tenants' claims are barred by the applicable statute of limitations. In its answer, landlord asserts that the Apartment was lawfully deregulated in 2012 by virtue of the fact that landlord performed improvements and took lawful increases in rent based upon such improvements, thereby exceeding the $2,500 high-rent vacancy deregulation threshold in effect at the time. Landlord also interposed a counterclaim for attorney's fees.

Tenants replied to landlord's counterclaim and now move pursuant to CPLR 3212 for summary judgment in their favor. Landlord opposes the motion and cross-moves to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) and CPLR 3212,[1] and to compel tenants to pay ongoing rent and/or use and occupancy pendente lite at a rate of $4,000 per month.

---

[1] The court will treat the cross-motion as a summary judgment motion given that both sides submitted evidentiary material and have clearly charted a summary judgment course (*see California Suites, Inc. v Russo Demolition Inc.*, 98 AD3d 144, 155-156 [1st Dept 2012]).

**153095/2019   ZHANG, JEROME vs. LLS REALTY ASSOCIATES, LLC**
**Motion No.  002**

**Page 2 of 12**

[* 2]

2 of 12

## DISCUSSION

On a summary judgment motion, "the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Trustees of Columbia Univ. in the City of N.Y. v D'Agostino Supermarkets, Inc.*, 36 NY3d 69, 73-74 [2020] [internal quotation marks and citations omitted]). "This burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (*Jacobsen v New York City Health & Hosps. Corp.*, 22 NY3d 824, 833 [2014] [internal quotation marks and citations omitted]). Where the moving party fails to make such a showing, the motion must be denied without regard to the sufficiency of the opposing papers (*see Voss v Netherlands Ins. Co.*, 22 NY3d 728, 734 [2014]). Only after the moving party makes a prima facie showing does the burden shift to the opposing party "to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Bazdaric v Almah Partners LLC*, __ NY3d __, 2024 NY Slip Op 00847, **3, 2024 WL 674245 [2024] [quotation marks and citation omitted]). "Since [summary judgment] deprives the litigant of [their] day in court it is considered a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues" (*Andre v Pomeroy*, 35 NY2d 361, 364 [1974]).

### The Rent-Stabilized Status of the Apartment

Tenants claim they are entitled to a declaration that their tenancy is subject to rent stabilization. In support of their motion, they submit Department of Housing and Community Renewal (DHCR) registration information indicating that in 1984, the Apartment was registered as rent-stabilized with a legal regulated rent of $300 a month and identifying the registered tenant as Marylou Prete (NYSCEF Doc. No. 26). The registration information indicates that

**153095/2019 ZHANG, JEROME vs. LLS REALTY ASSOCIATES, LLC**
**Motion No. 002**

Page 3 of 12

3 of 12

[* 3]

Prete remained the registered rent-stabilized tenant pursuant to a series of leases until June 30, 2012, at which point, her legal regulated rent was $779.95 a month. Tenants also submit a 2-year lease extension agreement entered into by Prete on April 2, 2012 at a monthly rate of $836.50, as well as a surrender agreement, evincing that Prete surrendered the Apartment on August 20, 2012 (NYSCEF Doc. No. 37 at 19-21). The registration information shows that the Apartment was never registered as rent-stabilized subsequent to Prete vacating the Apartment in 2012. The next tenants to lease the Apartment on October 24, 2012, entered into a non-stabilized lease at a monthly rent of $3,100 (NYSCEF Doc. No. 37 at 19-21).

According to tenants, landlord illegally de-regulated the Apartment when Prete vacated because the rent had not reached the $2,500 high-rent deregulation threshold for units that became vacant during that time. Tenants argue that while landlord claims the Apartment was subject to high-rent vacancy deregulation due to vacancy and individual apartment improvement (IAI) increases, the record establishes that landlord never actually performed all of the renovations needed to justify the IAI-related rent increases claimed by landlord.

In opposition, landlord contends that, absent fraud, the court is not permitted to look back more than four years into the rental history of the Apartment in order to determine whether it was properly deregulated pursuant to high-rent vacancy deregulation. It contends that tenants have failed to set forth sufficient indicia of fraud to warrant consideration of the rental history beyond the four-year period. Landlord further argues that even assuming the Apartment was improperly deregulated in 2012, it surpassed the high-rent threshold several times since 2012, before the repeal of high-rent vacancy deregulation in June 2019. For the following reasons, neither party is entitled to summary judgment on this issue.

153095/2019  ZHANG, JEROME vs. LLS REALTY ASSOCIATES, LLC
Motion No. 002

Page 4 of 12

[* 4]

Under the law as it stood before the enactment of the Housing Stability and Tenant Protection Act of 2019 (HSTPA) (L 2019, ch 36, effective June 14, 2019), rent-stabilized apartments were subject to certain statutory rent increases, including a 20% increase for a two-year lease upon vacancy (*see* former Rent Stabilization Law (RSL) § 26-511 [c] [5-a]) and for significant improvements made to the apartment, known as IAIs (*see* former Rent Stabilization Code (RSC) [9 NYCRR] 2522.4 [a][1], [4]). In addition, the law provided for deregulation of vacant rent-stabilized apartments that reached a threshold legal regulated rent (including increases based on vacancy and/or IAIs) pursuant to "high-rent vacancy deregulation"[2] (former RSL § 26-504.2 [a]); *see generally Roberts v Tishman Speyer Props.*, L.P., 13 NY3d 270 [2009]). The high-rent vacancy deregulation threshold in effect at the time Prete surrendered the Apartment on August 20, 2012 was $2,500 (*see* former RSL § 26-504.2; former RSC § 2520.11 [r] [5]; *Austin v 25 Grove St. LLC*, 202 AD3d 429, 430 [1st Dept 2022]).

Under pre-HSTPA law, CPLR 213-a and RSC § 2626.1 (a) (2) set forth a four-year statute of limitations for rent overcharge claims and a four-year look back period for records that may be considered in adjudicating such claims. The HSTPA extended these time frames to six years. In *Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal* (35 NY3d 332, 363 [2020]), the Court of Appeals held that the extension did not apply retroactively to conduct preceding the enactment of the HSTPA. Since tenants initiated this action prior to the HSTPA's effective date, their claims must be decided based upon pre-HSTPA law and therefore the four-year rule applies to their overcharge claim.

---

[2] The HSTPA repealed high-rent vacancy deregulation. However, the HTSPA states that "any unit that was lawfully deregulated prior to June 14, 2019, shall remain deregulated" (L 2019, ch 39, Part Q, §8,10; *see Matter of Hoy v New York State Div. of Hous. & Community Renewal*, 204 AD3d 568 [1st Dept 2022]).

**153095/2019  ZHANG, JEROME vs. LLS REALTY ASSOCIATES, LLC**
**Motion No.  002**

**Page 5 of 12**

5 of 12

In the context of an overcharge claim, review of an Apartment's rental history outside the four-year lookback period is permitted only where the tenant produces evidence of a fraudulent scheme to deregulate (*see Casey v Whitehouse Estates, Inc.*, 39 NY3d 1104, 1106 [2023]; *Burrows v 75-25 153rd St., LLC*, 215 AD3d 105, 113 [1st Dept 2023]). Importantly, however, a tenant may "challenge the deregulated *status* of an apartment at any time during the tenancy" and "[u]pon such a challenge, consideration of events beyond the four-year period is permissible if done not for the purpose of calculating an overcharge but rather to determine whether an apartment is regulated" (*Matter of 150 E. Third St LLC v Ryan*, 201 AD3d 582, 583 [1st Dept 2022] [internal quotation marks and citations omitted] [emphasis added]; *see Matter of AEJ 534 E. 88th, LLC v New York State Div. of Hous. & Community Renewal*, 194 AD3d 464, 469 [1st Dept 2021]; *Matter of Kostic v New York State Div. of Hous. & Community Renewal*, 188 AD3d 569, 569 [1st Dept 2020]).

The landlord argues that under RSC § 2526.1 (a) (2) (iii), consideration of events beyond the four-year period is not permitted where, as here, the status of an apartment purportedly deregulated pursuant to high-rent vacancy deregulation is being challenged. RSC § 2526.1 (a) (2), which addresses rent overcharge complaints, states:

> "A complaint pursuant to this section must be filed with the DHCR within four years of the first overcharge alleged, and no determination of an overcharge and no award or calculation of an award of the amount of an overcharge may be based upon an overcharge having occurred more than four years before the complaint is filed."

Subsection (a) (2) (iii), upon which plaintiff relies, goes on to state:

> "*Except in the case of decontrol pursuant to [high-rent vacancy deregulation] or [high-rent high-income deregulation],* nothing contained in this section shall limit a determination as to whether a housing accommodation is subject to the RSL and this Code" (emphasis added).

**153095/2019  ZHANG, JEROME vs. LLS REALTY ASSOCIATES, LLC**
**Motion No. 002**

**Page 6 of 12**

6 of 12

[* 6]

Landlord argues that since subsection (a) (2) (iii) expressly excepts high-rent vacancy deregulation from its departure from the four-year rule, the four-year rule *is* applicable when deciding a claim challenging the status of an apartment deregulated pursuant to high-rent vacancy deregulation.

Landlord's argument in this regard is consistent with the law requiring a landlord to retain rental history and IAI records for only four years (*see Regina,* 35 NY3d at 353; *Matter of Haskin v New York State Div. of Hous. & Community Renewal*, 203 AD3d 603, 604 [1st Dept 2022]; *Fuentes v Kwik Realty LLC*, 186 AD3d 435, 438 [1st Dept 2020]). The examination of such records is necessary to the determination of whether an apartment was lawfully deregulated pursuant to high-rent or high-rent high-income vacancy deregulation. Placing no limit on the lookback period requires a landlord to retain such records indefinitely.

There is also case law at the Supreme Court level supporting landlord's argument (*see Matter of Notarberardino v New York State Div. of Hous. & Community Renewal*, 58 Misc 3d 1210 [A], 2017 NY Slip Op 51964 [U] at *3 [Sup Ct, NY County 2017] ["Petitioner's claim that the apartment's regulatory status is not subject to the limitations period and may be challenged at any time contravenes . . . 9 N.Y.C.R.R. 2526.1 (a) (2) (iii), expressly *excepting apartments decontrolled due to high rent* from the regulation's provision that lifts the limitations period for determinations of an apartment's status under the RSL or RSC"] [emphasis in original]). However, landlord's position does not comport with controlling case law holding that the deregulated status of an apartment may be challenged at any time and that events outside of the four-year period may be considered if done to determine whether an apartment is regulated (*see Matter of 150 E. Third St LLC v Ryan*, 201 AD3d at 583; *Matter of AEJ 534 E. 88th, LLC*, 194 AD3d at 469; *Matter of Kostic*, 188 AD3d at 569; *see also Matter of Bazan v New York State*

153095/2019 ZHANG, JEROME vs. LLS REALTY ASSOCIATES, LLC
Motion No. 002

Page 7 of 12

7 of 12

[* 7]

*Div. of Hous. & Community Renewal,* 189 AD3d 495, 496 [1st Dept 2020] [where landlord claimed that approximately 10 years prior to the filing of the overcharge complaint, it performed renovation work on the subject unit, and that the unit then became deregulated due to high-rent vacancy, DHCR could review records prior to the base date in order to determine the apartment's regulatory status, but could not do so in order to calculate an overcharge where there was insufficient indicia of fraud]). This court is bound by such case law and, therefore, for the purpose of determining the *status* of the Apartment, the four-year rule does not apply. Accordingly, tenants need not produce evidence of a fraudulent scheme in order to look beyond the four-year period with regard to the determination of the Apartment's regulatory status.

That said, tenants have not met their burden of demonstrating as a matter of law that the Apartment was unlawfully deregulated in 2012. Tenants assert that the rent increases in the apartment's rental history are based on fabricated IAIs. They contend that the Apartment's appearance is inconsistent with the amount of IAIs needed to have reached the deregulation threshold in 2012 and that documents produced by landlord during discovery do not evidence all of the expenditures needed to have done so. Further, tenants assert that while landlord claims to have spent over $6,000 in materials via credit card on July 15, 2012, this charge was incurred before Prete surrendered the Apartment and therefore could not possibly justify an IAI-related rent increase upon her vacating the Apartment. Tenants contend that this shows that landlord's IAI documentation was contrived in order to avoid paying overcharge damages and having the Apartment declared rent-stabilized.

Tenants' proof is insufficient to establish, prima facie, that the Apartment is subject to rent stabilization. The evidence does not demonstrate as matter of law that the IAIs were not performed, and tenants cannot sustain their burden by pointing to gaps in landlord's proof (*see*

**153095/2019  ZHANG, JEROME vs. LLS REALTY ASSOCIATES, LLC**
**Motion No. 002**

Page 8 of 12

8 of 12

[* 8]

*generally e.g. Vasquez v Ridge Tool Pattern Co.*, 205 AD3d 657, 661 [1st Dept 2022]). Nor has landlord demonstrated as a matter of law that it performed sufficient IAIs in 2012, so as to deregulate the Apartment through high-rent vacancy. Indeed, "the determination of whether work constitutes an IAI supporting a rent increase is one to be resolved by the factfinder in the same manner as other issues, based on the persuasive force of the evidence submitted by the parties" (*Ampim v 160 E. 48th St. Owner II LLC*, 208 AD3d 1085, 1086-1087 [1st Dept 2022] [internal quotation marks and citation omitted]; *Ruggerino v Prince Holdings 2012, LLC*, 170 AD3d 568, 569 [1st Dept 2019]).

Landlord argues that even assuming the work on the Apartment was not performed in 2012 and that the Apartment did not become deregulated through high-rent vacancy at that time, the Apartment qualified for high-rent vacancy several times since then. While landlord may present evidence that the Apartment was properly deregulated at some point after 2012 but before tenant's tenancy commenced in 2017, landlord's figures assume that the rent charged upon Prete vacating the Apartment in 2012 was lawful -- i.e., based upon IAIs that were actually performed. Since questions of fact exist with regard to this issue, landlord is not entitled to summary judgment on this basis.

In sum, neither party is entitled to summary judgment as to the status of the Apartment.

### Rent Overcharge and Attorney's Fees

In order for tenants to be entitled to the recovery of overcharges and attorney's fees, the Apartment must be subject to rent stabilization. In the event the Apartment is not rent-stabilized, the claims for rent overcharges and attorney's fees will be dismissed (*see Gourin v 72A Realty Assoc., L.P.*, __ AD3d __, 2024 NY Slip Op 01985, **2 [1st Dept 2024]). Since issues of fact exist as to the status of the Apartment, neither party is entitled to summary judgment on these

**153095/2019 ZHANG, JEROME vs. LLS REALTY ASSOCIATES, LLC**
**Motion No. 002**

Page 9 of 12

9 of 12

[* 9]

claims (*see Ampim v 160 E. 48th St. Owner II LLC*, 208 AD3d 1085, 1087 [1st Dept 2022] ["In light of the foregoing questions of fact relating to the rent-stabilized status of the apartment, the motion court properly declined to reach the question of whether overcharge damages and attorneys' fees were warranted on this record"]).

### Use and Occupancy

The court "has broad discretion in awarding use and occupancy pendente lite" (*43rd St. Deli, Inc. v Paramount Leasehold, L.P.*, 107 AD3d 501, 501 [1st Dept 2013]; *see Kingsley v 300 W. 106th St. Corp.*, 162 AD3d 420, 421 [1st Dept 2018]; *Alphonse Hotel Corp. v 76 Corp.*, 273 AD2d 124, 124 [1st Dept 2000]). While "the court may look to the amount of rent paid under a prior lease between the parties in setting use and occupancy, prior rent is only probative, not dispositive, on the issue" (*43rd St. Deli, Inc.*, 107 AD3d at 501 [citations omitted]). In the event the Apartment is found to be rent-stabilized, use and occupancy is limited to the legal regulated rent plus any applicable guideline increases (*see Clermont York Assoc. v Feher*, 31 Misc 3d 10, 11-12 [App Term, 1st Dept 2011]; *Ansonia Assoc. v Bozza*, 186 Misc 2d 845, 846 [App Term, 1st Dept 2000]). The court may refer the issue to a referee (*see 43rd St. Deli, Inc., L.P.*, 107 AD3d at 501).

Here, the issue of the rate at which use and occupancy should accrue, based on the last registered rent of $779.95, plus any applicable rent guideline increases, shall be referred to a Special Referee to hear and report. This setting of use and occupancy pendente lite will be without prejudice to the rights of either party with respect to the ultimate determination of any of the issues in this action (*see Levinson v 390 W. End Assoc., L.L.C.*, 22 AD3d 397, 402 [1st Dept 2005]; *Ampim v 160 E. 48th St. Owner II LLC*, 2021 WL 3513915 [Sup Ct, NY County 2021], affd 208 AD3d 1085).

**153095/2019   ZHANG, JEROME vs. LLS REALTY ASSOCIATES, LLC**
**Motion No.  002**

**Page 10 of 12**

[* 10]

## CONCLUSION

Accordingly, it is

**ORDERED** that plaintiffs' motion for summary judgment pursuant to CPLR 3212 is denied; and it is further

**ORDERED** that defendant's cross-motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) and CPLR 3212, and to compel tenants to pay ongoing rent and/or use and occupancy pendente lite is granted only to the extent that the issue of the appropriate amount for use and occupancy pendente lite for the subject apartment is referred to a Special Referee to hear and report with recommendations, except that in the event of and upon the filing of a stipulation of the parties, as permitted by CPLR 4317, the Special Referee, or other person designated by the parties to serve as referee, shall determine the aforesaid issue; and it is further

**ORDERED** that the portion of defendant's cross-motion, regarding use and occupancy pendente lite, is held in abeyance pending receipt of the report and recommendations of the Special Referee and a motion pursuant to CPLR 4403 or receipt of the determination of the Special Referee or the designated referee and the cross-motion is otherwise denied; and it is further

**153095/2019  ZHANG, JEROME vs. LLS REALTY ASSOCIATES, LLC**
**Motion No.  002**

**Page 11 of 12**

**ORDERED** that counsel for the party seeking the reference or absent such party, counsel for defendant shall, within 30 days from the date of this order, serve a copy of this order with notice of entry, together with the completed Information Sheet upon the Special Referee Clerk in the General Clerk's Office in Room 119 at 60 Centre Street, who is directed to place this matter on the calendar of the Special Referee's Part for the earliest convenient date.

| 5/1/2024 | | |
|---|---|---|
| **DATE** | | **SHLOMO S. HAGLER, J.S.C.** |

CHECK ONE:

| | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | GRANTED | | DENIED | **X** | GRANTED IN PART | | OTHER |

APPLICATION:    SETTLE ORDER    SUBMIT ORDER

CHECK IF APPROPRIATE:    INCLUDES TRANSFER/REASSIGN    FIDUCIARY APPOINTMENT    REFERENCE

**153095/2019  ZHANG, JEROME vs. LLS REALTY ASSOCIATES, LLC**
**Motion No. 002**

**Page 12 of 12**

[* 12]

12 of 12