Four Forty-Two W. 50th St. LLC v Fiel (2024 NY Slip Op 51327(U))

[*1]

Four Forty-Two W. 50th St. LLC v Fiel

2024 NY Slip Op 51327(U)

Decided on September 24, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 24, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570127/24

Four Forty-Two West 50th Street LLC, Petitioner-Landlord-Appellant, 
against
Matthew Fiel, Respondent-Tenant-Respondent.

Landlord appeals from an order of the Civil Court of the City of New York, New York County (Norma J. Jennings, J.), entered on or about January 13, 2024, after a nonjury trial, dismissing the petition without prejudice in a nonpayment summary proceeding.

Per Curiam.
Order (Norma J. Jennings, J.), entered on or about January 13, 2024, affirmed, without costs.
The trial court's finding that landlord failed to sustain its burden of establishing that the apartment was subject to high rent deregulation is supported by a fair interpretation of the evidence (Matter of 150 E. Third St LLC v Ryan, 201 AD3d 582 [2022], lv dismissed 39 NY3d 935 [2022]). Resolution of the issue turns on whether the $1,600 charged to Howard Matthews in 1999 qualified as a "first rent." Although landlord claims that Matthews was the first rent stabilized tenant after the departure of the long-term rent controlled tenant (Harley Hackett), and that it was therefore entitled to charge Matthews a "first rent," subject to a fair market rent appeal (see generally Matter of Park v New York State Div of Hous. & Community Renewal, 150 AD3d 105, 113 [2017], lv dismissed 30 NY3d 961 [2017]), the court was warranted in rejecting this contention based upon the documentary evidence. This evidence includes a 1972 maximum base rent (MBR) order listing "Storm" as the rent controlled tenant of the apartment, a 1974 MBR listing Hackett as the rent controlled tenant, and DHCR rent registrations listing Hackett as a rent stabilized tenant pursuant to a lease. The post-July 1, 1971 change of names of the listed tenant from Storm in 1972 to Hackett in 1974, the absence of any evidence indicating that Hackett was a family member or successor to Storm, as well as the DHCR filings indicating that Hackett was a rent stabilized tenant, tends to indicate that the apartment was decontrolled (and became subject to rent stabilization) prior to Hackett's tenancy (see NYC Administrative Code § 26-403[e][2][i][9]; NY City Rent and Eviction Regulations [9 NYCRR] 2200.2[f][17]). Thus, the court was warranted in concluding that landlord failed to establish that Matthews was the first stabilized tenant and that the $1,600 charged to him qualified as a first rent.
Contrary to landlord's contention, Civil Court properly examined the rental history of the apartment, including the legality of the purported "first rent," since the limitation period to challenge a "first rent" (see Rent Stabilization Code § 26-512[b][2]) through the Fair Market Rent Appeal (FMRA) process does not apply where, as here, the inquiry concerns the regulatory [*2]status of an apartment, as "despite concerns about the substantial delay . . . no statute of limitations bars plaintiff's claim that the apartment is subject to rent stabilization" (see Liggett v Lew Realty LLC (— NY3d &mdash, 2024 WL 3055268 [June 20, 2024]; Thurman v Sullivan Properties L.P., 226 AD3d 453, 454 [2024] [this action is not a FMRA and the "apartment's rental history may be examined beyond four years to determine its rent-stabilization status"]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 24, 2024