| BH VYSE LLC v Brooks |
|:---:|
| 2026 NY Slip Op 30007(U) |
| January 13, 2026 |
| Civil Court of the City of New York, Bronx County |
| Docket Number: Index No. L&T 347295/23 |
| Judge: Kisha L. Miller |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: HOUSING PART C
-------------------------------------------------------------X
BH VYSE LLC,                                                        Index No. L&T 347295/23

                  Petitioner,

         -against-                                              DECISION/ORDER

  KASHAY DENEEN BROOKS,                              Motion seq. no. 2
                Respondent.
-------------------------------------------------------------X
HON. KISHA L. MILLER:

Recitation, as required by C.P.L.R. § 2219(a), of the papers considered in review of the motion for leave to conduct discovery.

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed…….......................... | NYSCEF Doc. Nos. 19-25 |
| Answering and Affidavits Annexed…………………………….. | NYSCEF Doc. Nos. 27-33 |
| Reply Affidavits …………………………………………………. | NYSCEF Doc. No. 34 |

In this nonpayment summary eviction proceeding, the petition alleges the premises are subject to rent stabilization laws. Despite this claim, Petitioner argues the subject apartment is exempt from rent stabilization due to high rent vacancy. Respondent is challenging the rent regulatory status of the apartment, claiming rent overcharge and that the premises were unlawfully deregulated in 2015, the year before she moved into the apartment. Respondent seeks an order granting leave to conduct limited discovery to explore rent increases dating back to 2002. Petitioner opposes the relief requested.

In summary proceedings, discovery must be sought by leave of court and may only be granted upon a showing of ample need (*New York University v. Farkas*, 121 Misc 2d 643 [Civ Ct, NY County 1983]). Courts will consider several factors, as outlined in *Farkas*, in determining whether the ample need standard has been met, including whether the information sought is directly related to the cause of action and whether the request is carefully tailored and likely to clarify the disputed facts. But not every factor must be shown in every case for discovery to be granted (*Mautner-Glick Corp. v Higgins*, 64 Misc 3d 16, 2019 NY Slip Op 29129 [App Term, 1st Dept 2019]).

Separate from a claim of rent overcharge, discovery may be granted where a party disputes the rent regulatory status of a unit. Consideration of events beyond the statute of limitations "is permissible if done not for the purpose of calculating a rent overcharge but rather

[* 1]

to determine whether an apartment is regulated" (*Matter of 150 E. Third St LLC v Ryan*, 201 AD3d 582 [1st Dept 2022]; *Matter of AEJ 534 E. 88 LLC v New York State Div. of Hous. & Community Renewal*, 194 AD3d 464 [1st Dept 2021]; *East W. Renovating Co. v New York State Div. of Hous. & Community Renewal*, 16 AD3d 166 [1st Dept 2005]). A tenant should be able to challenge the deregulated status of an apartment at any time during the tenancy (*Gersten v 56 7th Ave LLC*, 88 AD3d 189 [1st Dept 2011]).

Based on the papers submitted, Respondent demonstrated ample need for limited discovery on the rent regulated status of the apartment.

Here, the apartment registration indicates a sizeable increase in the rent from $657 in 2002-2003 to $1547 in 2004, where the apartment is first listed as "fair market." The registration also indicates an overlap in tenancies in 2013 and 2014, where two different tenants are listed during that period. One year later in 2015, the apartment is listed as "exempt." In its opposition papers, Petitioner explains how it arrived at the rental amounts beginning in 2010, including vacancy increases and permissible increases in accordance with determinations by the Rent Guidelines Board. However, Petitioner failed to explain how the rent more than doubled in 2004 and why there are overlapping tenancies in 2013 and 2014. The large, unexplained increase between 2002 and 2004 raises questions of fact as to whether the rent registration is reliable, and whether the apartment should have been listed as exempt in 2015, the year before Respondent moved in. Petitioner even acknowledges in its papers that there are incorrect DHCR registrations which it claims it is "in the process of correcting," and that the registration for 2013 and 2014 "require amendment."

The discovery demands which seek production of documents, including rent ledgers and leases, from 2002 are directly related to the cause of action, carefully tailored, and likely to clarify the disputed facts.

Accordingly, it is

ORDERED that Respondent's motion (seq. no. 2) seeking leave to conduct discovery is granted. Petitioner shall comply with the Discovery Demand (NYSCEF Doc. No. 25, Exhibit E) in accordance with the procedures set forth in Article 31 of the CPLR; it is further

ORDERED that the proceeding shall be marked off calendar pending the completion of discovery and may be restored by notice of motion, or by stipulation.

This constitutes the decision and order of the court.

Dated: January 13, 2026

APPROVED
KMILLER , 1/13/2026, 5:23:25 PM

_____
KISHA L. MILLER, J.H.C.